UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

EDITH WALTERS, as Personal
Representative of the Estate of Leon
Walters, Jr.; Individually and on
behalf of Essence N. Walters,
Ebony D. Walters and Rasheen
Walters,

            *Plaintiff-Appellant,*

      and

KAREN WILLIAMS, as Conservator for
Ervin T. Walters and Leon Walters,
III,

            *Plaintiff,*

      v.

COUNTY OF CHARLESTON; CHARLESTON
COUNTY SHERIFF'S DEPARTMENT;
CHARLESTON COUNTY DETENTION
CENTER; AL CANNON, Sheriff of
Charleston County; JAMES R.
WOOLEY, JR.; JOSEPH SINGLETARY, III;
D. WILLIS; G. R. SMITH; T.
SIMMONS; WILLIAM E. REED, III,
Individually and in their official
capacities; CHARLESTON COUNTY
MEDICAL EXAMINERS' OFFICE; KIM
COLLINS, Individually and in her
official capacity,

            *Defendants-Appellees.*

No. 02-1297

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-01-59-2-18)

Submitted: March 28, 2003

Decided: April 23, 2003

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Edith Walters, Appellant Pro Se. Sandra Jane Senn, Stephanie Pendarvis McDonald, Charleston, South Carolina; James Albert Stuckey, Jr., STUCKEY LAW OFFICES, L.L.C., Charleston, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant appeals the district court's grant, at the close of the evidence at trial, of judgment as a matter of law on her claims brought under 42 U.S.C. § 1983 (2000).[1] Appellant claimed use of excessive force by Appellee officers, and civil conspiracy violating the provisions of § 1983, arising from an altercation between Appellee officers and Leon Walters, Jr., which led to Walters' death while he was housed in a temporary detention facility pursuant to a civil contempt

---

[1]Pursuant to 4th Cir. Local R. 34(b), this is the sole issue properly before this court for consideration.

order of the Charleston County Family Court for refusal to pay back child support.

This court reviews *de novo* a district court's grant of a motion for judgment as a matter of law. *Anderson v. Russell*, 247 F.3d 125, 129 (4th Cir. 2001). Judgment as a matter of law is proper only if "there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). In considering the merits of a motion for judgment as a matter of law, the district court "should review all of the evidence in the record," but "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). To succeed on a claim of excessive force under the Eighth Amendment's prohibition against cruel and unusual punishment in the context of a prison disturbance, plaintiffs must show that the officers "inflicted unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 320 (1985). The proper inquiry is whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320-21 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). The wantonness of an officer's conduct is adjudged in light of a prison official's state of mind. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Where, as in the present case, officials act in response to a prison disturbance, their actions necessarily are taken "in haste, under pressure," and should be balanced against "competing institutional concerns for the safety of prison staff or other inmates." *Id.* at 302 (quoting *Whitley*, 475 U.S. at 320).

We have carefully reviewed the record and the transcripts of the trial of this matter and find no reversible error. There is no evidence to support Appellant's claim that the officers acted maliciously or sadistically for the very purpose of causing harm to Walters in their necessary effort to restore order by restraining him. The evidence is undisputed that Walters, an exceptionally large and strong man,[2] became violent while in his cell and after he was let out of his cell, putting himself, other detainees, and the officers at substantial risk of physical injury. The officers did not use any weapons in their efforts

---

[2]Walters weighed 327 pounds.

to subdue Walters, nor was there any evidence that they purposely tried to strangle him. The Appellee officers' actions in using only their bodies and open hands in their attempt to subdue Walters and prevent injury and escape, while Walters refused repeated verbal commands to stop struggling, was objectively reasonable given the facts and circumstances confronting them. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Appellant failed to demonstrate any showing of improper behavior by one or more of the individual defendants, and there was a complete absence of testimony by any witness, including the disinterested detainee witness, that any of the officers intentionally choked Walters.[3] What was demonstrated was that the officers apparently caused a compression injury to Walters' neck and inhibited his ability to breathe in their attempts to subdue him, thus causing his death. Appellant's claims that the officers did not use proper restraining techniques in attempting to control Walters constitute allegations of negligence, at most, and as such do not constitute meritorious constitutional claims under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

The results of the officers' actions in attempting to protect themselves and others from Walters' combativeness and their attempts to prevent him from fleeing are indeed tragic. However, the conclusion that their actions reflected a good faith and reasonable attempt to restore discipline, given the totality of the circumstances in this case, cannot be overcome. Given the lack of evidence at the trial supporting a viable § 1983 claim, we affirm the district court's grant of the motion for judgment as a matter of law. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]Nor was any evidence presented to support Appellant's claim of civil conspiracy under § 1983 against Appellee officers.